779 F.2d 51
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HERBERT L. LIPP, JR., Plaintiff-Appellant,
v.
LT. COL. JOSEPH H. STAFT; AND TWO UNKNOWN POLICE OFFICERS,
Defendants-Appellees.
 83-3265
 United States Court of Appeals, Sixth Circuit.
 10/25/85
 
 APPEAL DISMISSED
 N.D.Ohio
 ORDER
 BEFORE: ENGEL, KEITH and KRUPANSKY, Circuit Judges.
 
 
 1
 The plaintiff appeals the judgment dismissing his pro se civil rights action for lack of prosecution. He now seeks the appointment of counsel. That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 The district court record shows the court entered its judgment of dismissal on March 1, 1983. The plaintiff filed a motion for reconsideration which was served on March 17, 1983, and filed on March 22, 1983. He then filed a notice of appeal on April 11, 1983. Over two years later, on June 28, 1985, the district court granted the motion for reconsideration and reinstated the action on the district court's active docket.
 
 
 3
 Given this sequence of filings, we conclude this Court has no jurisdiction over the present appeal.
 
 
 4
 The filing of a timely notice of appeal is a mandatory and jurisdictional prerequisite for appellate review. Browder v. Director, Department of Corrections, 434 U.S. 257, 264 (1978). Here, the plaintiff's notice of appeal was filed 41 days after the district court's judgment and was untimely under Rule 4(a)(1), Federal Rules of Appellate Procedure.
 
 
 5
 The motion for reconsideration filed on March 22, 1983, is subject to two interpretations. Viewed as a motion to alter or amend judgment under Rule 59(e), Federal Rules of Civil Procedure, it would not have tolled the time for filing a notice of appeal because it was not served within ten days of the judgment. See Peake v. First National Bank and Trust Company of Marquette, 717 F.2d 1016, 1019 (6th Cir. 1983). We conclude, however, that it was filed, and ruled upon by the district court, as a motion under Rule 60(b), Federal Rules of Civil Procedure, to set aside the judgment. As such, it likewise would not have tolled the time for filing a timely notice of appeal under Rule 4(a)(4), Federal Rules of Appellate Procedure. See Peake, supra, 717 F.2d at 1020. In either case, the notice of appeal would be late. In the absence of jurisdiction in this Court, the district court retained jurisdiction to rule upon the motion under Rule 60(b) and to reinstate the action to its docket. Compare First National Bank of Salem v. Hirsch, 535 F.3d 343 (6th Cir. 1976).
 
 
 6
 It is ORDERED that the present appeal be and it hereby is dismissed for lack of jurisdiction. Rule 9(d)(1), Rules of the Sixth Circuit.