786 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AMOCO OIL CO., Plaintiff-Appellant,
v.
JIM HEILIG OIL & GAS INC.; HARMER OIL, Defendants-Appellees.
 85-1619
 United States Court of Appeals, Sixth Circuit.
 2/7/86
 
 E.D.Mich.
 APPEAL DISMISSED
 ORDER
 BEFORE: KEITH, MARTIN and KRUPANSKY, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of the appellant's response to this Court's show cause order.
 
 
 2
 It appears from the record that the decision was entered May 21, 1985. The notice of appeal filed on July 25, 1985 was 35 days late. Rules 4(a) and 26(a), Federal Rules of Appellate Procedure.
 
 
 3
 Appellant's response to this Court's show cause order alleges that instead of the appeal being filed late that it was prematurely filed since no separate judgment as required by Rule 58, Federal Rules of Civil Procedure, had been entered. The purpose of a separate judgment is merely to identify the district court order as a final decision and clarify when the appeals period began to run. Bankers Trust Co. v. Mallis, 435 U.S. 381 (1978). Mallis applied a common-sense application of Rule 58 rather than a technical application as long as no parties were misled. Falls Stamping & Welding v. International Union, UAW, 744 F.2d 521, 526 (6th Cir. 1984). A review of the record indicates that the appellant was not misled by the failure to enter a separate judgment. Counsel for appellant recognized the district court's May 21, 1985 memorandum opinion as the final decision and sought reconsideration of the court's decision. The mere technicality that the district court failed to file a separate judgment should not be used to give jurisdiction to this Court of an untimely filed appeal in which the parties were not misled by the lack of a separate judgment.
 
 
 4
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Rule 4(a), Federal Rules of Appellate Procedure, is a mandatory and jurisdictional prerequisite which this Court can neither waive nor extend. Peake v. First Nat. Bank and Trust Co. of Marquette, 717 F.2d 1016 (6th Cir. 1983). Rule 26(b), Federal Rules of Appellate Procedure, specifically provides that this Court cannot enlarge the time for filing a notice of appeal.
 
 
 5
 Accordingly, it is ORDERED that the appeal be and it hereby is dismissed for lack of jurisdiction. Rule 9(d)(1), Rules of the Sixth Circuit.