849 F.2d 1473
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mischelle A. HARLUKOWICZ; Ardith Brattin, Plaintiffs-Appellants,
v.
Richard HANDLON; Perry A. Johnson, Director of the Michigan
Department of Corrections; Michigan Department of
Corrections; Donald Houseworth; Peter Vidor, Jointly and
Severally, Defendants-Appellees.
 Nos. 88-1451, 88-1454, 88-1541 and 88-1543.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1988.
 
 Before LIVELY and NATHANIEL R. JONES, Circuit Judges, JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiffs move to proceed in forma pauperis on appeal from the district court's order which dismissed plaintiffs' consolidated actions that sought redress for alleged sex discrimination in employment. The defendants oppose the motions and move to dismiss the appeals of Case Nos. 88-1451 & 1454 as being untimely filed.
 
 
 2
 Plaintiffs Harlukowicz and Bratton filed independent complaints against the Michigan Department of Corrections for alleged sex discrimination in employment. Those actions were consolidated in district court. After a 20 day non-jury trial, the district court entered judgment for the defendants.
 
 
 3
 The district court entered its judgment on March 1, 1988. On March 30, 1988, one day before the notice of appeal was due, plaintiffs filed a motion for an extension of time within which to file a notice of appeal. That motion was denied by the district court on April 13, 1988. Plaintiffs then filed notices of appeal on April 28, 1988, wherein they specified that the appeals were being taken from the judgment of March 1, 1988.
 
 
 4
 Pursuant to Fed.R.App.P. 4(a)(1), the notices of appeal in these cases were due on March 31, 1988--30 days after entry of judgment. No time-tolling motions were filed and the district court denied the motion for an extension of time within which to file a notice of appeal. The failure of an appellant to timely file a notice of appeal deprives this court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Peake v. First Nat'l Bank and Trust Co., 717 F.2d 1016 (6th Cir.1983). Accordingly, the notices of appeal filed April 28, 1988 were late and the appeals in Case Nos. 88-1451 and 1454 are dismissed for want of jurisdiction.
 
 
 5
 Plaintiffs move this court to proceed in forma pauperis. The court notes that the motions are facially insufficient under Fed.R.App. 24 because no affidavits of indigency accompany the motions. Likewise, the motions to proceed in forma pauperis filed in district court are insufficient because the affidavits which accompany those motions are unsigned. A review of those documents reveals information which, if true, would prohibit this court from granting pauper status to plaintiffs.
 
 
 6
 The appeal in Case Nos. 88-1451 and 1454 are dismissed as untimely filed. The motions to proceed in forma pauperis are denied.