859 F.2d 152
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James BRYANT, et al., Plaintiffs-Appellants,
v.
INTERNATIONAL FRUIT PRODUCT COMPANY, INC., Defendant-Appellee.
 Nos. 88-3732, 88-3733.
 United States Court of Appeals, Sixth Circuit.
 Sept. 22, 1988.
 
 Before BOYCE F. MARTIN Jr. and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiffs-appellants have filed two notices of appeal in this ERISA action. The first, No. 88-3732, was filed on June 22, 1988 appealing the May 26, 1988 order denying plaintiffs' motion to reopen this case. On June 3, 1988, the plaintiffs filed a motion to alter or amend judgment pursuant to Rule 59(e), Fed.R.Civ.P. That motion was denied on August 2, 1988. On August 5, 1988, the appellant filed a notice of appeal, No. 88-3733, from that order.
 
 
 2
 Rule 4(a)(1), Fed.R.App.P., provides that a notice of appeal shall be filed within thirty (30) days from entry of the order appealed from. However, a motion to alter or amend the judgment pursuant to Rule 59(e), Fed.R.Civ.P., tolls the time for appeal if served not later than ten (10) days after entry of judgment. Rule 4(a)(4), Fed.R.App.P.; Marrical v. Detroit News, Inc., 805 F.2d 169, 171 (6th Cir.1986) (per curiam); Peake v. First National Bank & Trust Co., 717 F.2d 1016, 1019 (6th Cir.1983). A notice of appeal filed before the disposition of a time-tolling motion is premature and shall have no effect. Consequently, a new notice of appeal must be filed within the prescribed time, measured from the entry of the order disposing of the motion, to confer jurisdiction on this Court. Rule 4(a)(4), Fed.R.App.P.; Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam).
 
 
 3
 The plaintiffs' motion to alter or amend the order of May 26, 1988 was served within ten (10) days and tolled the time for filing a notice of appeal. Appeal No. 88-3732 is therefore premature and without effect. Accordingly, it is ORDERED that appeal No. 88-3732 is dismissed for lack of appellate jurisdiction.
 
 
 4
 A review of the documnts filed in the remaining appeal, No. 88-3733, shows that the notice of appeal filed August 8, 1988, states that "... James Bryant, et al., Plaintiffs, hereby appeal...." and lists as appellants "James Bryant, et al." On June 24, 1988 the Supreme Court held in Torres v. Oakland Scavenger Co., --- U.S. ----, 108 S.Ct. 2405 (June 24, 1988), that Fed.R.App.P. 3(c) requires that the notice of appeal "shall specify the party or parties taking the appeal," and that the term "et al." does not identify the parties with sufficient particularity. Failure to name a party in the notice of appeal constitutes a failure of that party to appeal. Id., --- U.S. ----, 108 S.Ct. at 2407-09. Accordingly, it is noted that plaintiff Bryant, the only party named in either the body or the caption of the notice of appeal, is the only appellant to this action.