**Miriam Morrison PEAKE, et al., Plaintiffs-Appellants,**

v.

**The FIRST NATIONAL BANK AND TRUST COMPANY OF MARQUETTE, et al., Defendants-Appellees.**

No. 82–1381.

United States Court of Appeals, Sixth Circuit.

Argued June 30, 1983.

Decided Sept. 28, 1983.

David E. Dutcher, Grand Rapids, Mich., Harry M. Hoffheimer (argued), Wood, Lamping, Slutz & Reckman, Cincinnati, Ohio, for plaintiffs-appellants.

Ellen J. Kerschner, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., Robert M. Bordeau [Lead Counsel] argued Kendricks, Bordeau, Casselman, Adamini, Keefe & Smith, et al., Marquette, Mich., Frank J. Kelley, Atty. Gen. of Mich., Lansing, Mich., for defendants-appellees.

Before LIVELY and KRUPANSKY, Circuit Judges, and FEIKENS, District Judge [*].

KRUPANSKY, Circuit Judge.

Plaintiffs-appellants instituted this action in the district court for the Western District of Michigan asserting that the First National Bank and Trust Company of Marquette (Bank) had converted a coin collection, and the proceeds thereof, to which plaintiffs were entitled by virtue of their status as descendants of the siblings of Nathan M. Kaufman. The district court concluded that the action was barred by the statute of limitations and therefore granted summary judgment in favor of the Bank and the remaining defendant.[1]

Only a brief outline of the factual background to this controversy is necessary. In 1918, Nathan Kaufman died leaving, by the terms of his will, the residue of his estate to six siblings. The residue included the Nathan M. Kaufman Coin Collection. The most valuable coins in the collection were never inventoried but an inventory filed in 1920 listed several coins totalling in value approximately $54.00. In 1921, the surviving legatees acknowledged receipt of their

---

[*] Hon. John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. The Attorney General of the State of Michigan was named as a defendant because, as will be described, the action involved a charitable trust. *See* M.C.L.A. § 14.254.

full distributive share of the inventoried coins.

Sometime in the late 1920's, Louis G. Kaufman, a brother of Nathan, who was president of the defendant Bank, placed the Nathan M. Kaufman Coin Collection on public display in the Director's Room of the Bank. A 1927 article in the Marquette Mining Journal reported that "the collection [is] owned by Louis G. Kaufman ... who has named it after his brother, the late N.M. Kaufman..." The article further stated that "Louis G. Kaufman became interested in the collection about 30 years ago and since that time has devoted much time and money to its enlargement." When Louis died in 1942 he bequeathed the collection to his widow. During 1950 through 1952, a great part of the collection was indentured by his widow to the L.G. Kaufman Endowment Fund (Endowment Fund), a charitable trust created by Louis in 1927. The Bank was and remains the trustee of the Endowment Fund.

On August 4 and 5, 1978, portions of the collection were sold at auction for a price in excess of 2.25 million dollars. These proceeds, together with the remainder of the collection, are in the possession of the Endowment Fund.

As indicated, the plaintiffs assert that, as descendants of the siblings of Nathan, they are the rightful owners of the coin collection which has been converted by the Bank. On February 1, 1982, the lower court issued an "Opinion" in which the court concluded that summary judgment for defendants was appropriate upon applying the six-year Michigan statute of limitations governing such actions. M.C.L.A. § 600.5813. Also on February 1, 1982, the lower court issued an "Order" which provided that ["f]ollowing oral argument and for the reasons set forth in the opinion filed this date, the motions for summary judgment filed by defendants First National Bank and the

Attorney General for the State of Michigan are hereby granted." This "Order" was entered in the clerk's docket on the same date.

On February 26, 1982, the plaintiffs served a motion styled "Motion for Reconsideration." The lower court denied the motion on May 24, 1982 and plaintiffs filed their notice of appeal on June 1, 1982.

█ The related facts present for consideration the threshold issue of this Court's jurisdiction to review the lower court's summary judgment.

In actions involving an appeal as of "right from a district court to a court of appeals the notice of appeal ... shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from." Rule 4(a)(1), Fed.R.App.P. Compliance with the time prescription of Rule 4(a)(1) is "mandatory and jurisdictional." *Browder v. Department of Corrections of Illinois*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978); *E.E.O.C. v. K-Mart Corp.*, 694 F.2d 1055 (6th Cir.1982); *Moorer v. Griffin*, 575 F.2d 87 (6th Cir.1978); *Levisa Stone Corp. v. Elkhorn Stone Corp.*, 411 F.2d 1208 (6th Cir.1969), *cert. denied*, 397 U.S. 925, 90 S.Ct. 913, 25 L.Ed.2d 104 (1970) (construing Rule 72(a), Fed.R.Civ.P., the predecessor of Rule 4(a), Fed.R.App.P.)

In the action *sub judice* the lower court issued its final judgment on February 1, 1982. The plaintiffs' notice of appeal was not filed until June 1, 1982—90 days beyond the "mandatory and jurisdictional" time period. Accordingly, unless the time period was tolled, this Court is without jurisdiction to consider an appeal from the February 1, 1982 judgment.

█ Rule 4(a)(4), Fed.R.App.P. enumerates four post-judgment motions which would have tolled the time period for filing a notice of appeal.[2] The plaintiffs failed to

---

**2.** Rule 4(a)(4) provides as follows:

If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make addi-

tional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, time for appeal for all

cite to a particular Rule of procedure in their "Motion for Reconsideration". Arguably, the plaintiffs' motion was pursued either under Rule 59(e)—motion to alter or amend[3]—or Rule 60(b)—relief from judgment or order.[4]

A motion under Rule 59(e) is one of the motions enumerated in Rule 4(a)(4) which will toll the time for appeal. However, to toll the period, the Rule 59(e) motion must be timely, i.e., "served not later than 10 days after entry of the judgment."[5] Moreover, the 10 day time period cannot be extended by the district court. *See,* Rule 6(b), Fed.R.Civ.P.; *Scola v. Boat Frances R. Inc.,* 618 F.2d 147 (1st Cir.1980); *Perry v. Richardson,* 440 F.2d 677 (6th Cir.1971). In the instant matter, judgment was entered

on February 1, 1982 and the "Motion for Reconsideration" served on February 26, 1982. Obviously, the motion was untimely "and therefore could not toll the running of time to appeal under Rule 4(a)." *Browder, supra* 434 U.S. at 266, 98 S.Ct. at 561.

In an attempt to avoid operation of the above mandates, plaintiffs assert that the February 1, 1982 "Order" was not a final judgment. Plaintiffs argue that the "Order" merely granted the motions rather than specifically directing entry of judgment and therefore it was not a final judgment for purposes of appeal.

These assertions are without merit. The "Order" was "set forth on a separate document" as required by Rule 58, Fed.R.Civ.P.[6] and this Court is completely satisfied that

parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.

**3.** Rule 59(e) provides:

Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

**4.** Rule 60(b) provides:

Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding

was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant actually personally notified as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

**5.** At oral argument the parties focused on the date of *filing,* however, the critical date is the date of service. *See* 11 C. Wright and A. Miller, Federal Practice and Procedure § 2812 (1973).

**6.** Rule 58 provides, in pertinent part:

Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a).

the lower court intended, and the parties understood, the "Order" to constitute the final judgment of the lower court. *See Weinberger v. United States*, 559 F.2d 401 (5th Cir.1977); *Hamilton v. Nakai*, 453 F.2d 152 (9th Cir.), *cert. denied*, 406 U.S. 945, 92 S.Ct. 2044, 32 L.Ed.2d 332 (1972). Because a timely notice of appeal was not filed from this judgment, this Court is without jurisdiction to review the lower court's final disposition of the action.

 Nevertheless, there remains an appeal, albeit somewhat limited, which is properly before this Court. As indicated, the plaintiffs' Motion for Reconsideration was served beyond the 10-day time limitation imposed by Rule 59(e). The district court, acknowledging the issue of timeliness, construed the motion as a motion for relief under Rule 60(b), Fed.R.Civ.P. So construed, the motion was timely.[7] However, a motion under Rule 60(b) "does not toll the time for appeal from, or affect the finality of, the original judgment." *Browder, supra* 434 U.S. at 264, n. 7, 98 S.Ct. at 560, n. 7. Hence, even as construed as a timely 60(b) motion, the Motion for Reconsideration in no way enables this Court to exercise jurisdiction over an appeal from the February 1, 1982 judgment.

The ruling on the Rule 60(b) motion, however, was appealable in and of itself and plaintiffs' notice of appeal from that ruling was timely.

Within the limited parameters of this Court's remaining jurisdiction, it "may review the ruling only for abuse of discretion ... and an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." *Id. See, Bank of Montreal v. Olafsson*, 648 F.2d 1078 (6th Cir.), *cert. denied*, 454 U.S. 1084, 102 S.Ct. 641, 70 L.Ed.2d 619 (1981); *United States v. Work Wear Corp.*, 602 F.2d 110 (6th Cir. 1979).

Thus, the single remaining issue before this Court is to determine if the lower court abused its discretion in denying the motion for relief from judgment. The Court has

reviewed the record and concludes that the lower court did not abuse its discretion. The plaintiffs' motion primarily relied on an affidavit from the son-in-law of one of the plaintiffs. The affidavit merely recounted the investigation into the alleged conversion of the coin collection. This information was available to plaintiffs prior to judgment and the lower court was not obliged to render the "extraordinary relief", *Work Wear Corp., supra* at 114, requested by plaintiffs on the basis of this untimely disclosure of information.

In accordance with the foregoing, the judgment of the lower court must be, and hereby is, affirmed.