791 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,
v.
PYRO MINING COMPANY, INC., Defendant-Appellant.
 85-5231
 United States Court of Appeals, Sixth Circuit.
 4/15/86
 
 AFFIRMED
 W.D.Ky.
 On Appeal from the United States District Court for the Western District of Kentucky
 Before: ENGEL, CONTIE and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Pyro Mining Company appeals from two district court orders granting enforcement of an administrative subpoena issued by the Equal Employment Opportunity Commission. On appeal, Pyro Mining contends that the district court erred in granting enforcement of the EEOC's administative subpoena requesting information on Pyro's hiring practices.
 
 
 2
 On March 7, 1980, Helen Nevels filed a charge of sex discrimination against Pyro Mining Company. Ms. Nevels alleged that she was discharged from her job as a 'shooter' because of her sex, and further alleged that she was discriminatorily denied a less strenuous job. The EEOC began an investigation of the charge during the course of which it requested certain information from Pyro Mining. When Pyro Mining refused to provide the information, the EEOC issued and served a subpoena on Pyro Mining on August 2, 1983. When Pyro Mining refused to comply with the subpoena, the EEOC filed an application in the United States District Court for the Western District of Kentucky on July 5, 1984, for an order to show cause why the subpoena should not be enforced. Thereafter, the matter was referred to, and argued before, Magistrate Stewart B. Elliot, who recommended denying enforcement of the subpoena.
 
 
 3
 On January 10, 1985, however, Judge Thomas Ballantine, Jr. rejected the Magistrate's Report and Recommendation and granted enforcement of the subpoena. An order was therefore entered on January 10, 1985, directing Pyro Mining to comply with the subpoena.
 
 
 4
 Because the district court's memorandum opinion had referred to only items #2 and #3, and not item #4, all of which were requested in the subpoena, the EEOC filed a Motion for Clarification and Supplemental Order on January 25, 1985, asking the court to direct enforcement of item #4 as well. On March 6, 1985, the district court issued an order relying on the rationale of the January 10th Memorandum and directing Pyro to comply with the subpoena requesting production of item #4.
 
 
 5
 On appeal, Pyro Mining contends that the EEOC's administrative subpoena should not have been granted by the district court below. Specifically, Pyro argues that the items requested, including applicant flow sheets, are irrelevant to the charges under investigation and therefore not a proper subject of the subpoena. Pyro also argues that even if this information is relevant, the district court must satisfy itself that the information is necessary to the EEOC. Pyro contends that the district court failed to do this and therefore abused its discretion. Pyro's last argument is that a subpoena duces tecum is not the proper vehicle by which to compel the making of a compilation of information contained in business records.
 
 
 6
 The EEOC argues on appeal that because Pyro did not file its notice of appeal until March 18, 1985, the appeal from the January 10, 1985 order is untimely under Rule 4 of the Federal Rules of Appellate Procedure and should therefore be dismissed.
 
 
 7
 Insofar as defendant seeks to appeal from the order of the district court of January 10, 1985, we hold that we are without jurisdiction to entertain plaintiff's appeal because the notice of appeal therefrom was not filed within 60 days of the entry of that order, that order having been specifically certified by Judge Ballantine as final. We also conclude that the EEOC's Motion for Clarification, which was filed on January 25, 1985, did not operate to disturb the finality of the January 10 order or otherwise to toll the time for filing a notice of appeal therefrom. See Peake v. First National Bank and Trust Company, 717 F.2d 1016, 1018-19 (6th Cir. 1983).
 
 
 8
 While the EEOC correctly notes that the January 10 order granted enforcement generally of the challenged subpoena, and without any express exception as to any parts thereof, we nonetheless hold that Judge Ballantine's subsequent order of March 6, 1985, was timely appealed by Pyro Mining by the filing of the notice of appeal on March 18, 1985. That order, however, dealt only with item #4 of the subpoena and was generated only by a petition of the EEOC directed to that item. We conclude that it did not revive any right of Pyro to appeal its objections to the remainder of the subpoena. It did, however, properly present to us the opportunity to review the propriety of the district judge's ruling and order of March 6, 1985.
 
 
 9
 Upon a review of the record as a whole and of the oral arguments of counsel, however, we are of the opinion that the issuance of the subpoena insofar as Pyro Mining Company was directed to comply with item #4 of the subpoena was not error and therefore, for the reasons set forth by United States District Judge Thomas A. Ballantine, Jr. in his Memorandum and Order of March 5, 1985, the judgment of the district court is to that extent AFFIRMED.