811 F.2d 607
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael REEDER, Plaintiff-Appellant,
v.
Lt. Donald W. NEAL; Sgt. Earl P. Kelly, Defendants-Appellees.
 No. 86-3671.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1986.
 
 Before ENGEL, JONES and NELSON, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of the appellant's response to this Court's August 26, 1986, order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction. The August 26 order was entered by the Clerk of the Court pursuant to Rule 4(f), Rules of the Sixth Circuit.
 
 
 2
 It appears from the record that the judgment was entered May 19, 1986. A Rule 59, Federal Rules of Civil Procedure, motion to alter or amend the judgment was timely served on May 27, 1986, and tolled the appeals period. Rule 4(a)(4), Federal Rules of Appellate Procedure. The order denying the motion to alter or amend was entered June 5, 1986. The notice of appeal filed on July 7, 1986, was one day late. Rules 4(a) and 26(a), Federal Rules of Appellate Procedure. A review of the record does not indicate that a default judgment had previously been entered as alleged in appellant's response to this Court's August 26, 1986, order.
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Rule 4(a), Federal Rules of Appellate Procedure, is a mandatory and jurisdictional prerequisite which this Court can neither waive nor extend. Peake v. First National Bank & Trust Co., 717 F.2d 1016 (6th Cir.1983). Rule 26(b), Federal Rules of Appellate Procedure, specifically provides that this Court cannot enlarge the time for filing a notice of appeal.
 
 
 4
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(d)(1), Rules of the Sixth Circuit.