819 F.2d 290
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Michael SCHORN, Plaintiff-Appellant,
Frank Reiss, et al., Plaintiffs,
v.
Perry M. JOHNSON, Director Michigan Department of
Corrections, Robert Brown, Adminstrative Assistant
to Director, Michigan Department of
Corrections, Defendants-Appellees.
 No. 87-1050.
 United States Court of Appeals, Sixth Circuit.
 May 27, 1987.
 
 1
 W.D.Mich.
 
 
 2
 APPEAL DISMISSED.
 
 ORDER
 
 3
 On September 4, 1986, the district court entered judgment granting defendants' motion for summary judgment and dismissing plaintiff's civil rights action. The notice of appeal was due within 30 days of entry thereof--October 6, 1986. Rule 4(a)(1), Federal Rules of Appellate Procedure. Appellant served a motion for reconsideration of order dismissing plaintiff's complaint on September 11, 1986. He did not file his notice of appeal until January 6, 1987. A motion under Rule 60, Federal Rules of Civil Procedure, does not stay the time for filing of an appeal. Rule 4(a)(4), Federal Rules of Appellate Procedure. Consequently, appellant's notice of appeal is 92 days late. He did not timely seek an extension of time within which to file his notice of appeal on January 6, 1987 when he filed a motion for enlargement of time in which to file notice of appeal or, in the alternative, consideration of Rule 60 motion as a motion to alter or amend judgment. His motion for enlargement of time in which to appeal was due within 30 days after expiration of the October 6, 1986 deadline in which to file his notice of appeal. Rule 4(a)(5), Federal Rules of Appellate Procedure. Appellant did not file his motion for enlargement of time until January 6, 1987. The notice is, therefore, 62 days late.
 
 
 4
 Because the notice of appeal was untimely filed, this court is deprived of jurisdiction. Compliance with Rule 4(a), Federal Rules of Appellate Procedure, is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir. 1983).
 
 
 5
 Accordingly, it is ORDERED that this appeal be and hereby is dismissed. Rule 9(b)(1), Rules of the Sixth Circuit.