827 F.2d 769
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry Lewis COLE, Petitioner-Appellant,
v.
H. Gary WELLS, Superintendent, Muskegon Correctional
Facility, Respondent-Appellee.
 Nos. 87-1608, 87-1670
 United States Court of Appeals, Sixth Circuit.
 August 27, 1987.
 
 ORDER
 Before BOYCE F. MARTIN, JR., NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 There is some confusion as to the file date of the notice of appeal. It appears that the appellant prepared a notice of appeal on April 29, 1987, from the district court's April 22, 1987, decision. A copy of the notice of appeal was forwarded by the appellant to this court and received on May 4, 1987. Upon learning that the April 29, 1987, notice of appeal was not filed in the district court, appellant prepared a second notice of appeal on June 15, 1987, and attached a copy of the April 29, 1987, notice of appeal. The district court docket sheet reflects only one notice of appeal filed on June 24, 1987, from the district court's decision. A notice of appeal dated June 15, 1987, and filed in the district court on June 24, 1987, was transmitted to this court pursuant to Fed. R. App. P. 3(d), and docketed as appeal number 87-1608. On July 14, 1987, this court received the certified record which contained a notice of appeal dated June 15, 1987, and filed stamped by the district court on May 4, 1987, and a notice of appeal dated April 29, 1987, with a received stamp of this court dated May 4, 1987. On June 29, 1987, this court received pursuant to Fed. R. App. P. 3(d) a notice of appeal dated April 29, 1987, with no district court file stamp which was docketed as appeal number 87-1670.
 
 
 3
 The June 15, 1987, notice of appeal filed June 24, 1987, and docketed as appeal number 87-1608 was filed 33 days late. Fed. R. App. P. 4(a) and 26(a). The failure of an appellant timely to file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed. R. App. P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir. 1983). Fed. R. App. P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal. Although an affidavit was filed on June 24, 1987, which could be treated as a motion for extension of time, the motion was filed outside the 30 day extension period provided by Fed. R. App. 4(a)(5).
 
 
 4
 The April 29, 1987, notice of appeal docketed as appeal number 87-1670 was received in this court on May 4, 1987, and should be deemed filed in the district court on that date. Fed. R. App. 4(a)(1). The May 4, 1987, notice of appeal was filed within the appeals period provided by Fed. R. App. P. 4(a)(1).
 
 
 5
 It is ORDERED that appeal number 87-1608 be dismissed for lack of jurisdiction. Fed. R. App. P. 4(a). The district court is directed to correct its records to reflect the notice of appeal prepared on April 29, 1987, as having been filed May 4, 1987. Fed. R. App. P. 10(e).