829 F.2d 38
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ander T. HENDERSON, Plaintiff-Appellant,
v.
John MCFARLANE, Attorney, and James Norlander, Attorney,
Defendants-Appellees.
 No. 87-1541
 United States Court of Appeals, Sixth Circuit.
 September 21, 1987.
 
 ORDER
 Before MERRITT, KRUPANSKY and DAVID A. NELSON, Circuit Judges.
 
 
 1
 This matter is before the court upon consideration of appellant's response to this court's order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction and his motion to transfer to cure jurisdiction.
 
 
 2
 It appears from the record that the judgment was entered April 13, 1987. The notice of appeal filed on May 14, 1987, was one day late. Fed. R. App. P. 4(a) and 26(a).
 
 
 3
 Appellant's response states that he was deprived of his legal materials from April 30 to May 10 and was not able to photocopy the judgment he was appealing to include it with the notice of appeal until his legal materials were returned to him. He alleges that he signed the notice of appeal on May 11, but it did not leave the institution until May 12. He has attached a copy of a motion for enlargement of time prepared on July 9, 1987, which he alleges that he filed in the district court.
 
 
 4
 The arguments presented by appellant do not give this court jurisdiction over his appeal. The notice of appeal, proof of service and letter of transmittal are dated May 8 although appellant alleges that he did not sign his notice of appeal until May 11 because he was deprived of his legal property for eleven days. The Federal Rules of Appellate Procedure do not require that a copy of the order appealed be attached to the notice of appeal. No motion for extension of time was filed within the thirty day period prescribed by Fed. R. App. P. 4(a)(5). The district court is without authority to grant a motion for extension of time filed more than thirty days after the expiration of the appeals period.
 
 
 5
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed. R. App. P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir. 1983). Fed. R. App. P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 6
 Accordingly, it is ORDERED that the motion to transfer be denied and the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.