845 F.2d 327
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Deborah A. REDMAN, Plaintiff-Appellant,
v.
MICHIGAN STATE UNIVERSITY, Board of Trustees of Michigan
State University (MSU), Cecil M. Mackey, John Dibiaggio,
Clarence L. Winder, David Scott, Louanna K. Simon, the MSU
Economics Department, Daniel Hamermesh, Byron W. Brown, Carl
Liedholm, W. Paul Strassmann, John Wolfe, Mary Gade, Denis
Kwiatkowski, Robert Rasche, Carolyn Stieber, the Graduate
School, Jeanne Gullahorn, John Cantlon, Gale Harris, James
Marshall, Julius Kovacs, the Business School, Richard Lewis,
Phillip Carter, James F. Rainey, Miles Delano, Gary Stone,
Margaret Dawson, Judith Walo, the Council of Graduate
Students, Daniel Selke, Defendants-Appellees.
 No. 87-1805.
 United States Court of Appeals, Sixth Circuit.
 April 27, 1988.
 
 Before MERRITT and CORNELIA G. KENNEDY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff moves for in forma pauperis status, for counsel, and to punish and discipline the defendants on appeal from the district court's order denying the plaintiff's motion to reconsider in this civil rights case. 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 At the time of the events described in the complaint, the plaintiff was enrolled in the PhD program in economics at Michigan State University. She twice took and failed the "macroeconomic theory prelim exam." She filed a grievance concerning her failures and received two administrative hearings, both of which resulted in the denial of her grievance. She was offered the opportunity to take the exam a third time, but she declined. She alleged that the procedures followed in the exam and during the hearings violated her procedural and substantive due process rights.
 
 
 3
 Upon motion by the defendants, the district court granted summary judgment. The plaintiff subsequently filed a motion to reconsider the judgment. The motion was denied, and she appealed.
 
 
 4
 The motion to reconsider is properly construed as a motion for relief from judgment under Fed.R.Civ.P. 60(b). The denial of such a motion is appealable in itself. Peake v. First Nat'l Bank, 717 F.2d 1016, 1020 (6th Cir.1983). The standard of review is abuse of discretion. 717 F.2d at 1020.
 
 
 5
 We have carefully examined the record, the district court's opinion granting summary judgment, the plaintiff's motion, and the briefs on appeal. We conclude that the district court did not abuse its discretion when it denied the motion for relief from judgment.
 
 
 6
 The motion for in forma pauperis status is granted. The motions for counsel and to punish and discipline the defendants are denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.