863 F.2d 883
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Victor J. GUIDA, individually, and as surviving spouse of,
and personal and non-resident representative of,
the Estate of Julie P. Guida, Plaintiff- Appellant,
v.
Bobby WHEAT; Pat Spencer; George Wilson; Jack Lewis;
Vertner L. Taylor; Michael Samberg, in their capacities as
members of the Correction Cabinet of the Commonwealth of
Kentucky; John Does, I, II and III; The Ohio Casualty
Company; The Commonwealth of Kentucky; Defendants,
Allen County, Kentucky, a municipality; Edwin Ballard;
Carlene Mayhew; Harry Mitchell; Nicky Lee; Roman Perry,
Jr.; Keith Gerald, In their capacities as the Fiscal Court
of Allen County, Kentucky, Defendants-Appellees.
 No. 88-6147.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1988.
 
 Before KEITH and KRUPANSKY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff appeals the judgment dismissing this wrongful death and 42 U.S.C. Sec. 1983 civil rights action. The plaintiff now moves this Court for an order that appellate proceedings be held in abeyance pending a ruling on the plaintiff's motion to alter, amend and/or reconsider the judgment. The defendant has not responded to the motion.
 
 
 2
 For purposes of 28 U.S.C. Sec. 1291, final judgment was entered on August 31, 1988 when the district court dismissed this action for failure to state a claim upon which relief may be granted. On September 15, 1988, the plaintiff filed and served a motion to alter or amend the dismissal of the wrongful death claims. To date, the district court has not ruled on that motion. The notice of appeal was filed September 29, 1988.
 
 
 3
 Rule 4(a)(1), Fed.R.App.P., provides that a notice of appeal shall be filed within thirty (30) days from entry of the order appealed from. However, a motion to alter or amend the judgment pursuant to Rule 59(e), Fed.R.Civ.P., tolls the time for appeal if served not later than ten (10) days after judgment. Rule 4(a)(4), Fed.R.App.P.; Marrical v. Detroit News, Inc., 805 F.2d 169, 171 (6th Cir.1986) (per curiam); Peake v. First National Bank & Trust Co., 717 F.2d 1016, 1019 (6th Cir.1983). In computing the ten (10) day period, Fed.R.Civ.P. 6(a) requires that intervening Saturdays, Sundays and legal holidays be excluded. A notice of appeal filed before the disposition of a time-tolling motion is premature and shall have no effect. Consequently, a new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion to confer jurisdiction on this Court. Rule 4(a)(4), Fed.R.App.P.; Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam).
 
 
 4
 The plaintiffs motion to alter or amend the order of August 31, 1988 was timely served and tolled the time for filing a notice of appeal. The notice of appeal filed is, therefore, premature and without effect. Accordingly,
 
 
 5
 It is ORDERED that the plaintiff's motion is denied and this appeal is dismissed for lack of appellate jurisdiction. Should the plaintiff wish to appeal after the motion to alter or amend is adjudicated, a new notice of appeal must be filed pursuant to the provisions of Rule 4(a)(4).