872 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie BURTON, Jr., Plaintiff-Appellant,
v.
WHITE MALE POLICE OFFICER, NAME UNKNOWN, ST. JOSEPH,
MICHIGAN, Forrest A. Jewell, Berrien County
Sheriff, Jack Root, Officer, Berrien
County Sheriff's Department,
Defendants-Appellees.
 No. 89-1206.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1989.
 
 Before KEITH and KENNEDY, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of appellant's response to this court's order of February 20, 1989, directing him to show cause as to why his appeal should not be dismissed for lack of jurisdiction. In his response appellant states that his receipt of the district court's judgment was delayed. He further maintains that he filed a notice of appeal immediately upon his receipt of that judgment and that this court should therefore excuse the lateness of the notice of appeal.
 
 
 2
 Review of the record indicates that the district court entered its final judgment dismissing his civil rights action on September 16, 1988. Appellant, however, did not file a notice of appeal until December 5, 1988. Accordingly, the notice of appeal was 49 days late. Fed.R.App.P. 4(a) and 26(a). Moreover, the record discloses that appellant did not apply to the district court for an extension of time to file a notice of appeal due to excusable neglect under Fed.R.App.P. 4(a)(5).
 
 
 3
 An appellant's failure to file a timely notice of appeal deprives this court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory, jurisdictional prerequisite which this court can neither waive nor extend. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal. Furthermore, this court cannot exercise jurisdiction in this case on the basis of appellant's contention that the delay in his receipt of the district court's final judgment should excuse his untimely filing of a notice of appeal. The time for filing a notice of appeal commences to run upon the district court's entry of judgment, not its subsequent receipt by appellant. Fed.R.Civ.P. 77(d).
 
 
 4
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.