875 F.2d 862
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darold BURROUGHS, Plaintiff-Appellant,
v.
HERTZ RENT A CAR, (properly "The Hertz Corporation"),
Defendant-Appellee.
 No. 89-1205.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1989.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of appellant's response to this court's order of February 28, 1989, directing him to show cause as to why his appeal should not be dismissed for lack of jurisdiction.
 
 
 2
 Review of the papers before the court discloses that the district court entered its final judgment dismissing appellant's cause of action for employment discrimination on November 2, 1988. Appellant, however, did not file a notice of appeal in that court until February 8, 1989. Accordingly, the notice of appeal was 68 days late. Fed.R.App.P. 4(a) and 26(a).
 
 
 3
 The failure of an appellant to file a timely notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory, jurisdictional prerequisite which this court can neither waive nor extend. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). In his response to this court's order of February 28, 1989, appellant argues that those rules should not operate to cause the dismissal of the appeal because: 1) in its final judgment the district court failed to inform him of the procedures to be followed to perfect an appeal; 2) he filed a timely notice of appeal from the final judgment of the district court in a state court of appeals; and 3) he had sought an extension of time to file a notice of appeal due to excusable neglect from the district court on February 8, 1989. None of those arguments, however, is sufficient to render the appeal timely. A district court is under no obligation to inform a party of the steps necessary for filing a notice of appeal under Fed.R.App.P. 4(a). Furthermore, that rule clearly states that the notice of appeal is to be filed in the relevant federal district court. Appellant's filing of a notice of appeal in a state court clearly did not satisfy that rule. Finally, the record indicates that the district court denied appellant's motion for extension of time to file a notice of appeal.
 
 
 4
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.