891 F.2d 293
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
127.814 ACRES OF LAND, MORE OR LESS, LOCATED IN WOODFORD
COUNTY, KENTUCKY, Defendant,
and
FEDERAL LAND BANK OF LOUISVILLE, Plaintiff,
v.
ESTATE OF Matt JONES; Margaret Jones, Defendants-Appellants,
United Tobacco Warehouse Company, Inc., et al., Defendants.
 No. 89-6395.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1989.
 
 Before KEITH, NATHANIEL R. JONES and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 The lien claimants and defendants, Estate of Matt Jones and Margaret Jones, appeal an order and judgment in two consolidated actions determining rights in certain real property. The order granted summary judgment against them, but delayed entry of final judgment pending advice from counsel as to 1) disposition of the defendant property, and 2) whether the mortgagees have reached a stipulation as to lien priorities. This order was entered on August 31, 1989. On September 12, a timely motion to alter, amend or vacate a portion of the order and judgment was made by the plaintiff, the Federal Land Bank of Louisville. On November 1, while that motion was still pending and 62 days after entry of the August 31 judgment, the lien claimants filed a notice of appeal. The motion remains pending.
 
 
 2
 This Court is without jurisdiction in this appeal. The district court specifically reserved entry of final judgment pending resolution of several issues. Further, a notice of appeal filed prior to the disposition of a timely motion to alter or amend the judgment is of no effect. Fed.R.App.P. 4(a)(4); Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam); Peake v. First National Bank & Trust Co., 717 F.2d 1016, 1019 (6th Cir.1983). Finally, if the order of August 31 were final and appealable, the notice of appeal was filed after the 60 days in which this appeal could be brought. See Fed.R.App.P. 4(a)(1). A timely notice of appeal is a jurisdictional prerequisite which this Court cannot waive. Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 264 (1978).
 
 
 3
 It is therefore ORDERED that this appeal is dismissed sua sponte without prejudice to the parties' right to perfect a timely appeal after disposition of the motion to alter or amend and/or upon entry of final judgment. Rule 9(b), Local Rules of the Sixth Circuit.