905 F.2d 1537
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert B. BEALL; Dave J. Defelice, Sr.; J.M. Parsons,
D.D.S., Pennsylvania; Charlotte Reber; Charles
Redd, Plaintiffs-Appellants
J.L. Glidden; Patrick Lawyer; Jennie Maderios; Earl L.
Vance, Plaintiffs
v.
Kent HERRIN, Defendant-Appellee
 No. 90-5279.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1990.
 
 1
 Before KRUPANSKY and ALAN E. NORRIS, Circuit Judges, and WENDELL A. MILES, Senior District Judge*.
 
 ORDER
 
 2
 The plaintiffs appeal the denial of motions for new trial and reconsideration following summary judgment in favor of the defendant in this diversity action for legal malpractice. The defendant now moves for dismissal of the appeal on grounds that the notice of appeal was not timely filed. The plaintiffs respond in opposition.
 
 
 3
 The district court entered summary judgment for the defendants on June 21, 1989, on grounds that the plaintiffs had not met the applicable statute of limitations. The plaintiffs filed a timely motion to alter or amend or for new trial. Such a motion tolls the time within which a notice of appeal must be filed. Fed.R.App.P. 4(a)(4); Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam). On September 22, 1989, the district court entered an order and memorandum which concluded that the action was not barred on grounds of statute of limitations, but which nevertheless concluded that summary judgment was proper for the defendants on grounds of collateral estoppel. Accordingly, the motion to alter or amend or for new trial was denied. The plaintiffs then served a "Motion for New Trial and/or Motion to Reconsider Plaintiffs' Motion to Alter or Amend Judgment" on October 10, 1989. The plaintiffs conceded that this was not a timely motion for purposes of Fed.R.Civ.P. 59 and requested the district court to consider it as a motion pursuant to Fed.R.Civ.P. 60(b)(1) or (6). On January 11, 1990, the district court denied the motion without characterizing it as either a Rule 59 or Rule 60(b) motion. The plaintiffs' notice of appeal was filed within thirty days of the January 11 order.
 
 
 4
 Generally, a successive motion to amend where the first was not granted does not toll the appeal period. Reed v. Toledo Area Affirmative Action Program, 715 F.2d 253 (6th Cir.1983). However, in this instance the district court significantly altered the substantive grounds for its prior judgment by basing summary judgment on new grounds. Cf. York v. Tate, 858 F.2d 322, 326 (6th Cir.1988) (where court grants 59(e) motion and alters prior judgment federal rules do not prohibit opposing party from filing motion to persuade district court to reinstate original judgment). Even were the motion of October 10 not considered "successive", however, it did not toll the time for appeal from the underlying judgment. Peake v. First National Bank & Trust Co., 717 F.2d 1016, 1019 (6th Cir.1983).
 
 
 5
 The plaintiffs argue this Court has jurisdiction in this appeal as one from the denial of a Rule 60(b) motion. Such orders are appealable, but an appeal from such an order does not permit this Court to review the underlying judgment. Peake, at 1020. However, upon review and consideration, we conclude that the plaintiffs' motion of October 10 cannot be construed as one pursuant to Fed.R.Civ.P. 60(b). Accordingly, the motion did not toll the time for appeal, and this Court has no jurisdiction in this matter.
 
 
 6
 It is therefore ORDERED that the motion to dismiss is granted, and the appeal is dismissed for lack of jurisdiction.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation