918 F.2d 958
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elizabeth SHAHID, Plaintiff-Appellee,
v.
CITY OF DETROIT, et al., Defendants-Appellants,
James O'Connor; Joseph Schmidt; George Blakey, Defendants.
 Nos. 90-1618, 90-1646 and 90-1943.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1990.
 
 1
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges; and BERTELSMAN, District Judge.*
 
 ORDER
 
 2
 The defendants have filed three notices of appeal from the district court's judgment in favor of plaintiff following a jury trial in this civil rights action. The district court entered judgment for plaintiff on April 27, 1990. Within ten days of the entry of judgment the defendants filed a motion for judgment notwithstanding the verdict. While that motion was pending, the defendants filed a notice of appeal in Case Number 90-1618. The defendants filed an amended notice of appeal in Case Number 90-1646 after being advised that the original notice was defective due to their failure to specify the defendants seeking to appeal. On June 18, 1990, both appeals were dismissed sua sponte and without prejudice to the defendants' right to perfect a timely appeal upon disposition of their pending motion in the district court for judgment notwithstanding the verdict. On June 6, 1990, the district court entered an order denying defendants' motion. Defendants filed a third notice of appeal on August 15, 1990 in Case Number 90-1943.
 
 
 3
 Defendants now move to reinstate their appeals in Case Numbers 90-1618 and 90-1646. Plaintiff responds in opposition. Plaintiff moves to dismiss defendants' appeal in Case Number 90-1943 on the grounds that the appeal was not timely. Defendants respond in opposition.
 
 
 4
 A notice of appeal filed prior to the disposition of a timely motion for judgment notwithstanding the verdict shall have no effect. Rule 4(a)(4), Fed.R.App.P.; see also Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam). A new notice of appeal must be filed within the prescribed time measured from entry of the order disposing of the motion. Id. Defendants' appeals in Case Numbers 90-1618 and 90-1646 were without effect and subsequently dismissed. Having had no jurisdiction over these appeals at the time they were filed, we decline to reinstate them now.
 
 
 5
 For purposes of 28 U.S.C. Sec. 1291, final judgment was entered on June 6, 1990 when the district court entered its order denying defendants' motion for judgment notwithstanding the verdict. Pursuant to the provisions of Rule 4(a)(1), Fed.R.App.P., the defendants had thirty days from the entry of judgment, i.e., until July 6, 1990 in which to file their notice of appeal. The notice of appeal on August 15, 1990 in Case Number 90-1943 was not within that time period. Timely filing of a notice of appeal is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 264 (1978); Peake v. First National Bank & Trust Co., 717 F.2d 1016, 1019 (6th Cir.1983). Defendants neither sought nor received an extension of time in which to file their notice of appeal under Rule 4(a)(5).
 
 
 6
 Upon review and consideration, it is therefore ORDERED that defendants' motion to reinstate their appeals in Case Number 90-1618 and 90-1646 is denied. Plaintiffs' motion to dismiss Case Number 90-1943 is granted.