943 F.2d 51
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeff BALDER, Plaintiff-Appellant,
v.
John ISON, Clad Tackett, Joe Scurlock, Rib Committee,
Defendants-Appellees.
 No. 91-3377.
 United States Court of Appeals, Sixth Circuit.
 Sept. 11, 1991.
 
 1
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and TAYLOR, District Judge.*
 
 ORDER
 
 2
 Jeff Balder, a pro se Ohio state prisoner, appeals from the order of the district court granting summary judgment in favor of defendants. The defendants are members of the staff of the Southern Ohio Correctional Facility. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages and injunctive relief, Balder claimed that defendants violated his rights under the first, fifth, eighth, and fourteenth amendments. He framed his argument by saying defendants "exhibit a pattern and practice of discriminating against prisoners suspected of or admitting to being homosexual, contrary to the administrative regulations and the United States Constitution." When read most liberally in Balder's favor, the complaint alleged that the defendants failed to protect him from the assault of an another inmate.
 
 
 4
 The district court granted summary judgment to the defendants. Subsequently, Balder filed a motion to amend the complaint, which the district court construed as a Fed.R.Civ.P. 60(b) motion and denied. Balder appealed from the judgment and the post-judgment order, but the appeal was untimely concerning the judgment.
 
 
 5
 An order denying a motion for relief from judgment is appealable. Peake v. First Nat'l Bank, 717 F.2d 1016, 1020 (6th Cir.1983). The standard of review is abuse of discretion. Browder v. Director, Dep't of Corr., 434 U.S. 257, 263 n. 7 (1978). The merits of the underlying judgment are not presented for review. Id.
 
 
 6
 We conclude that the district court did not abuse its discretion when it denied the Rule 60(b) motion. Despite the allegations in the motion, the fact remains that the prison officials placed Balder in a different cell block than his enemy. Therefore, the officials did act and were not deliberately indifferent to Balder's security needs. See Wilson v. Seiter, 59 U.S.L.W. 4671 (June 17, 1991); McGhee v. Foltz, 852 F.2d 876, 881 (6th Cir.1988).
 
 
 7
 Accordingly, the district court's order is affirmed under Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation