993 F.2d 1546
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billy R. BOWMAN, Plaintiff-Appellant,
v.
George WILSON; Terry L. Morris, Warden; Jerry Tovine;
Steve McGraw; Cox, Defendants-Appellees.
 No. 92-3932.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1993.
 
 Before KENNEDY and SILER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Billy R. Bowman, a pro se Ohio prisoner, appeals the denial of his motion for relief from judgment from the district court's order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Bowman sued officials, training officers and corrections officers of the Ohio Department of Rehabilitation and Corrections in their individual and official capacities. Bowman alleged that the defendants violated his Eighth Amendment rights by regularly using excessive force against prisoners, by inadequately training and supervising the staff regarding the use of force against prisoners and, on March 13, 1990, using excessive force on him.
 
 
 3
 On September 27, 1991, the district court dismissed Bowman's § 1983 action. Based on the district court docket sheet, no appeal was filed or docketed from this September 27, 1991, judgment. Bowman then filed a request for a nunc pro tunc order dated April 10, 1992, in the district court, indicating that he had handed prison authorities a notice of appeal from the district court's September 27, 1991, order on October 26, 1991. In this nunc pro tunc document, he requested leave to file a notice of appeal. He then filed a motion for relief from judgment under Fed.R.Civ.P. 60(b) in the district court, which included an affidavit from him alleging that he gave prison authorities his notice of appeal for mailing on October 26, 1991. He also stated that he sent a copy of the notice of appeal to the defendants' counsel. The district court summarily denied both the request for a nunc pro tunc order and Bowman's Rule 60(b) motion by simply writing "denied" on the first page of both of these documents.
 
 
 4
 Bowman filed a timely notice of appeal from the district court's denial of his Rule 60(b) motion. On appeal, Bowman continues to argue the underlying merits of his case; he also argues that he handed prison authorities a notice of appeal for mailing on October 26, 1991. He requests the appointment of counsel. The appellees have notified the court that they will not be filing a brief.
 
 
 5
 A denial of a Rule 60(b) motion is appealable in and of itself, and this court's review is limited to determining whether the district court abused its discretion in denying the requested relief. See Peake v. First Nat'l Bank and Trust Co., 717 F.2d 1016, 1020 (6th Cir.1983). Upon review, we conclude that the district court abused its discretion in summarily denying Bowman's Rule 60(b) motion. If the notice of appeal was delivered as Bowman so avers, then his notice of appeal will be considered as timely filed on October 26, 1991, from the underlying judgment. See Houston v. Lack, 487 U.S. 266, 270 (1988).
 
 
 6
 Accordingly, we deny Bowman's request for counsel, vacate the district court's judgment and remand the case for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit. If upon remand the district court determines that a timely notice of appeal from the district court's September 27, 1991, judgment was delivered to the prison authorities on October 26, 1991, then the district court should proceed in accordance with the service requirements of Fed.R.App.P. 3(d). If the district court determines that the Rule 60(b) motion should be denied, a separate order should be entered to that effect providing this court with its findings and statement of reasons regarding Bowman's claim that a timely notice of appeal was delivered to the prison officials.