47 F.3d 1168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emma DOUTHIT, Plaintiff-Appellant,
v.
The KEEBLER COMPANY; Local 253 BC&T, Defendants-Appellees.
 No. 93-3927.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1995.
 
 Before: ENGEL, NORRIS and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Emma Douthit, a pro se Ohio litigant, appeals a district court order denying her motion to set aside judgment filed pursuant to Fed. R. Civ. P. 60(b)(2). The Keebler Company has filed a motion to dismiss or, in the alternative, a motion to strike Douthit's joint appendix. Douthit has responded. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 On October 19, 1988, Douthit filed a civil rights complaint under Title VII and 42 U.S.C. Sec. 1981 against the Keebler Company. Douthit had been an employee with the Keebler Company for fourteen years and was discharged following a fight with another employee and in light of a poor disciplinary record. Douthit alleged that the discharge was the result of discrimination and that a similarly situated white employee was not discharged. Upon de novo review of a magistrate judge's report, the district court granted summary judgment in favor of the Keebler Company, and the Sixth Circuit affirmed that decision in an order filed June 24, 1992.
 
 
 3
 On July 6, 1992, Douthit filed a Fed. R. Civ. P. 60(b) motion which was denied by order entered October 19, 1992. Reconsideration was denied by order entered August 4, 1993. In her timely appeal, Douthit attempts to relitigate the merits of the underlying judgment.
 
 
 4
 An order denying relief pursuant to Fed. R. Civ. P. 60(b) is reviewed under the abuse of discretion standard. See Miller v. Owsianowski (In re Salem Mortg. Co.), 791 F.2d 456, 459 (6th Cir. 1986). An abuse of discretion exists when the reviewing court has a definite and firm conviction that the trial court committed a clear error of judgment. Amernational Indus., Inc. v. Action-Tungsram, Inc., 925 F.2d 970, 975 (6th Cir.), cert. denied, 501 U.S. 1233 (1991). An appeal of a denial of a Rule 60(b) motion does not bring up the underlying judgment for review. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1020 (6th Cir. 1983).
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in denying Douthit's Rule 60(b) motion. Douthit did not present any new evidence which justified the granting of Rule 60(b)(2) relief. Davis by Davis v. Jellico Community Hosp., Inc., 912 F.2d 129, 135 (6th Cir. 1990). Furthermore, the "newly discovered evidence" does not pertain to facts which existed at the time of trial, nor does it raise the possibility of a different result if a new trial was granted. Finally, Douthit cannot argue on appeal the merits of the underlying judgment. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n.7 (1978); Peake, 717 F.2d at 1020.
 
 
 6
 Accordingly, we deny the motion to dismiss, grant the motion to strike Douthit's joint appendix, and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.