**Ralph MCMANUS, Plaintiff–Appellant, Cross–Appellee,**

v.

**ST. JOSEPH HOSPITAL CORPORATION, Defendant–Appellee, Cross–Appellant.**

Nos. 02–1522, 02–1590.

United States Court of Appeals, Sixth Circuit.

Oct. 24, 2003.

Before DAUGHTREY and GILMAN, Circuit Judges; and HAYNES, District Judge.*

*ORDER*

Ralph McManus, a Michigan resident proceeding pro se, appeals the district court order that denied his motion to reconsider the denial of his motion to set aside a stipulated order of settlement and awarded attorney's fees to the defendant, St. Joseph Hospital Corporation (St.Joseph). St. Joseph cross-appeals the portion of the order which denied its motion to reconsider reinstating Fed.R.Civ.P. 11 sanctions. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

McManus sued St. Joseph in the district court in April 2000. In his complaint and amended complaints, McManus alleged that St. Joseph violated his due process rights and conspired with the state courts to abate the interest on a medical malpractice judgment McManus won against St. Joseph in 1984. St. Joseph moved to dismiss the case for lack of subject matter jurisdiction and requested sanctions against McManus under Fed.R.Civ.P. 11. The district court granted the motion to dismiss, concluding that the court lacked jurisdiction under the *Rooker–Feldman* doctrine. St. Joseph moved to alter or amend the judgment concerning sanctions, and McManus appealed while that motion was pending. The district court found that sanctions were appropriate under Rule 11 but did not set an amount, and decided not to grant St. Joseph's motion for an injunction to prevent McManus from relitigating the case. This court dismissed McManus's first appeal because the district court had not determined the amount of fees and costs to be awarded.

Back in the district court, the parties reached a settlement in a telephonic conference. McManus and his attorney both participated. McManus signed a stipulated order of settlement, and the order was entered on August 21, 2001. The stipulated order of settlement left open the revival of suspended Rule 11 sanctions. On September 14, 2001, McManus moved pro se to set aside the settlement. The district court denied McManus's motion, and found that St. Joseph was entitled to reasonable attorney's fees for its expenses relating to the motion. McManus moved for reconsideration of that order, and St. Joseph moved for clarification and/or reconsideration. On March 21, 2002, the district court denied McManus's motion, denied St. Joseph's motion, and awarded attorney's fees in the amount of $5,000 to St. Joseph. Both parties appealed.

On appeal, McManus argues that: (1) the district court incorrectly dismissed the case under the *Rooker–Feldman* doctrine; and (2) the settlement was void because the proceedings were tainted by fraud. On cross-appeal, St. Joseph argues that: (1) the district court properly applied the *Rooker–Feldman* doctrine; (2) McManus's challenge to Michigan's abatement doctrine is utterly without merit; and (3) the trial court abused its discretion in refusing to grant permanent injunctive relief against any further litigation by McManus.

Initially, we note that the only issues on appeal are the propriety of the district court's decisions to deny McManus's motion to set aside the settlement, to award attorney's fees to St. Joseph and to decline to revive Rule 11 sanctions against McManus. McManus did not appeal the order dismissing his case within thirty days. *See* Fed. R.App. P. 4(a); *Browder v. Dir., Dep't of Corr. of Ill.,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). Nor did he file any post-judgment motion that would bring the underlying judgment up for review. *See Peake v. First Nat'l Bank & Trust Co.,* 717 F.2d 1016, 1019 (6th Cir.1983). Finally, although St. Joseph had previously requested an injunction to prevent McManus from relitigating the case, it did not request injunctive relief in its motion for clarification and/or reconsideration. Thus, the question of injunctive relief is not before the court.

McManus's motion to set aside the stipulated order of settlement is construed as a Rule 60(b) motion because it was filed more than ten days after the judgment. *See Peake,* 717 F.2d at 1019. This court reviews the denial of a Rule 60(b) motion for an abuse of discretion. *Good v. Ohio Edison Co.,* 149 F.3d 413, 423 (6th Cir. 1998). In his pro se motion, McManus argued that the issues he presented in his

district court action had not been litigated in state court, that he did not hear portions of the telephonic settlement, that he did not receive some 117 pages of pleadings, and that he did not understand the law concerning the *Rooker–Feldman* doctrine. On appeal, McManus argues that the settlement was void because the proceedings were tainted by fraud.

Upon review, we conclude that the district court did not abuse its discretion when the court denied McManus's motion to set aside the stipulated order of settlement. The only provision of Rule 60(b) that appears applicable is 60(b)(3), which provides relief in the case of fraud, misrepresentation, or other misconduct by the adverse party. A movant must show fraud by clear and convincing evidence to be entitled to relief under Rule 60(b)(3). *Simons v. Gorsuch,* 715 F.2d 1248, 1253 (7th Cir.1983). Because he agreed to settle the case on the record, McManus is estopped from disavowing the settlement based on second thoughts. *See Griffith v. Wal–Mart Stores, Inc.,* 135 F.3d 376, 380 (6th Cir.1998). Moreover, McManus has made nothing more than conclusory allegations of fraud, falling far short of the clear and convincing evidence needed under Rule 60(b)(3). None of McManus's arguments entitles him to relief under Rule 60(b).

We also conclude that the district court did not commit reversible error either in its decision to award attorney's fees to St. Joseph or in its decision not to reinstate Rule 11 sanctions against McManus. As part of its inherent powers, a district court may award attorney's fees in its discretion for bad faith or oppressive litigation practices. *Chambers v. NASCO Inc.,* 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). The imposition of Rule 11 sanctions is also discretionary with the district court. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

The district court did not abuse its discretion. This case has an extensive history which will not be recounted here. However, it is clear from the record that the district court was aware of its authority to award attorney's fees to St. Joseph and to impose Rule 11 sanctions on McManus, and that the court considered the gravity of McManus's violation of the settlement agreement. Because the district court did not err in its interpretation of the law or facts, we cannot say that the court abused its discretion when the court awarded attorney's fees to St. Joseph but declined to impose Rule 11 sanctions. *See First Bank of Marietta v. Hartford Underwriters Ins. Co.,* 307 F.3d 501, 510 (6th Cir.2002).

For the foregoing reasons, we affirm the district court's order in all respects. Rule 34(j)(2)(C), Rules of the Sixth Circuit.