875 F.2d 867
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John SCHAEFFER, Plaintiff-Appellant,
v.
Fred ABDULLA, Sheriff, Albert Olexia, Edward Swiger, Jerry
Krupinski, Michael Creace, Jack Booth, Jim Carson,
Bruce Palmer, Basso, Deputy, Defendants-Appellees.
 No. 89-3188.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1989.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and JEROME TURNER, District Judge*.
 
 ORDER
 
 2
 This matter is before the court upon consideration of appellant's response to this court's order of March 6, 1989, directing him to show cause as to why the appeal should not be dismissed for lack of jurisdiction. In his response appellant concedes that the notice of appeal was untimely, but argues that the delay should be excused due to his unfamiliarity with the Federal Rules of Appellate Procedure.
 
 
 3
 Review of the papers before the court indicates that the district court entered a final judgment dismissing appellant's cause of action on April 4, 1988. Appellant, however, did not file a notice of appeal until February 23, 1989. Nor did he either seek or obtain from the district court an extension of time in which to file a notice of appeal due to excusable neglect. Accordingly, the notice of appeal was approximately 9 months late. Fed.R.App.P. 4(a) and 26(a).
 
 
 4
 An appellant's failure to file a timely notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory, jurisdictional prerequisite which this court can neither waive nor extend. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal. As a result, this court is without authority to rely upon appellant's unfamiliarity of the law as a basis for excusing the lateness of the notice of appeal and exercising jurisdiction in this case.
 
 
 5
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Jerome Turner, District Judge for the Western District of Tennessee, sitting by designation