875 F.2d 867
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hugh Labeeb SALEEM, Plaintiff-Appellant,
v.
Ray TOOMBS, Warden, Defendant-Appellee.
 No. 89-1186.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1989.
 
 Before BOYCE F. MARTIN and BOGGS, Circuit Judges and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of appellant's response to this court's order of February 22, 1989, directing him to show cause as to why his appeal should not be dismissed for lack of jurisdiction. In his response appellant concedes that the notice of appeal was untimely. He maintains, however, that his failure to file a timely notice of appeal was due to excusable neglect in that he did not receive prompt notification of the district court's final order. He therefore moves the court for an extension of time in which to file a notice of appeal.
 
 
 2
 The record discloses that appellant filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the District Court for the Western District of Michigan. The district court, however, dismissed appellant's cause of action in an order entered on January 3, 1989. Appellant filed a notice of appeal on February 8, 1989. Accordingly, the notice of appeal was 6 days late. Fed.R.App.P. 4(a) and 26(a).
 
 
 3
 An appellant's failure to file a timely notice of appeal deprives this court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory, jurisdictional prerequisite which this court can neither waive nor extend. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Appellant's response to this court's order of February 22, 1989, is inadequate to prevent the operation of those rules. The delay in appellant's receipt of the order dismissing his cause of action can not support a claim of excusable neglect as the time for filing a notice of appeal begins to run upon the district court's entry of a final order, not its receipt by appellant. Fed.R.Civ.P. 77(d). Moreover, this court is without authority to rule on appellant's motion for an extension of time to file a notice of appeal. Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal. Rather, motions for such relief must be filed in the district court pursuant to Fed.R.App.P. 4(a)(5). Appellant has not complied with that rule.
 
 
 4
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.