914 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul Wayne MILLER, et al., Plaintiffs,
Joe Alexander Browder, Plaintiff-Appellant,
v.
Harold TAYLOR, Barry Spencer, County of Daviess, Defendants-Appellees.
 No. 90-5551.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1990.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Appellant moves for leave to proceed in forma pauperis.
 
 
 2
 Review of the record discloses that on February 13, 1990, the district court entered an order dismissing appellant's civil rights action. Fifty-five days later, on April 9, 1990, appellant filed a notice of appeal from that order. Although it had been filed outside the time for taking an appeal provided by Fed.R.App.P. 4(a)(1), this court construed the notice of appeal as a motion for an extension of time to file an appeal under Fed.R.App.P. 4(a)(5) and remanded the appeal to the district court for a ruling on that motion. The district court denied that relief on July 31, 1990. Appellant subsequently took no appeal from the denial of the motion for an extension of time.
 
 
 3
 This court lacks jurisdiction over the appeal from the district court's order of February 13, 1990, dismissing appellant's civil rights action. Fed.R.App.P. 4(a)(1) stipulates that a notice of appeal must be filed within thirty days of the district court's entry of a final judgment or order. As the filing of the notice of appeal on April 9, 1990, clearly occurred after the expiration of that period, the appeal was untimely unless appellant could secure an extension of time from the district court under Fed.R.App.P. 4(a)(5). The district court, however, denied appellant's request for that relief on July 31, 1990. This court may not review the propriety of that action as appellant filed no notice of appeal from the order denying the motion for an extension of time.
 
 
 4
 An appellant's failure to file a timely notice of appeal deprives this court of jurisdiction. The filing of a notice of appeal within the time specified in Fed.R.App.P. 4(a) is a mandatory, jurisdictional prerequisite which this court can neither waive nor extend. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 5
 Accordingly, it is ORDERED that the appeal is hereby dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit. Furthermore, the motion for leave to proceed in forma pauperis is hereby denied as moot.