915 F.2d 1570
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tommy A. BRYANT, Plaintiff-Appellant,
v.
ELECTROLUX CORPORATION, Defendant-Appellee.
 No. 90-5955.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1990.
 
 Before MILBURN, BOGGS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Appellee now moves to dismiss the appeal for lack of jurisdiction. Appellant has not filed a response to that motion.
 
 
 2
 Review of the record indicates that on June 14, 1990, the United States District Court for the Eastern District of Tennessee entered a final order granting appellee's motion for summary judgment and dismissing appellant's cause of action for employment discrimination. Appellant thereafter did not serve and file a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59, but filed a notice of appeal on July 17, 1990.
 
 
 3
 In support of the motion to dismiss, appellee contends that the appeal is untimely because the notice of appeal was filed after the expiration of the time for taking that action under Fed.R.App.P. 4(a)(1). Appellee is correct in that assertion as that rule specifies that the notice of appeal must be filed within thirty days of the district court's entry of a final order or judgment. In this appeal the district court dismissed appellant's cause of action on June 14, 1990, thereby allowing him until July 16, 1990 (thirtieth day was actually Saturday, July 14, 1990), to file the notice of appeal. Appellant, however, did not file the notice of appeal until July 17, 1990. In the absence of any motions which would have either tolled or extended the time for taking that action under Fed.R.App.P. 4(a)(4) and (5), the notice of appeal was therefore one day late.
 
 
 4
 The failure to file a timely notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory, jurisdictional prerequisite which this court can neither waive nor extend. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 5
 Accordingly, it is ORDERED that appellee's motion is granted and the appeal is hereby dismissed for lack of jurisdiction. Rule 8(a)(1), Rules of the Sixth Circuit.