915 F.2d 1574
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
PROPERTY LOCATED AT LEE COUNTY, FLORIDA, LOT # 58, HEITMAN'S
BONITA SPRINGS, et al., Defendants,
Richard Snyder, Defendant-Appellant.
 No. 90-3527.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1990.
 
 Before BOYCE F. MARTIN, Jr., RYAN and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Appellee now moves to dismiss the appeal for want of jurisdiction. Appellant, Richard Snyder, has filed a response. Moreover, his spouse, Monica J. Snyder, moves for leave to file a brief as amicus curiae.
 
 
 2
 Review of the record discloses that appellant filed a motion for a temporary restraining order and a preliminary injunction seeking to prevent the United States from taking further steps in a forfeiture action during the pendency of his motion for recusal of the district court judge. In a marginal order entered on March 20, 1990, the United States District Court for the Northern District of Ohio denied the request for a preliminary injunction. On June 1, 1990, seventy-three days later, appellant filed a notice of appeal from that order.
 
 
 3
 In support of the motion to dismiss, appellee maintains that the appeal is untimely because appellant did not file his notice of appeal within 60 days of the entry of the order denying the motion for a preliminary injunction. Hence, appellee argues that the notice of appeal was filed thirteen days after the expiration of the time for taking an appeal provided in Fed.R.App.P. 4(a)(1). Appellant does not contest that fact, but contends that this court should excuse the untimeliness of the appeal due to his failure to receive notice of the entry of the order denying the preliminary injunction until May 27, 1990.
 
 
 4
 That argument, however, is inadequate to excuse the late filing of the notice of appeal. Fed.R.Civ.P. 77(d) specifies that:
 
 
 5
 Lack of notice of the entry of an order by the district court clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to file a notice of appeal within the time allowed, except as permitted in Rule 4(a), of the Federal Rules of Appellate Procedure.
 
 
 6
 An appellant's failure to file a timely notice of appeal deprives this court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory, jurisdictional prerequisite which this court can neither waive nor extend. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot extend the time for filing a notice of appeal.
 
 
 7
 Accordingly, it is ORDERED that appellee's motion is granted and the appeal is dismissed for lack of jurisdiction. Rule 8(a), Rules of the Sixth Circuit. Furthermore, the motion for leave to file an amicus brief is denied as moot.