916 F.2d 713
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael P. MEEHAN, Plaintiff-Appellant,
v.
METRO NASHVILLE POLICE DEPARTMENT; Joe Casey; D. Pardue;
Fate Thomas; Captain Burns; Robert Abernathy,
Defendants-Appellees.
 No. 90-5698.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1990.
 
 1
 Before WELLFORD and DAVID A. NELSON, Circuit Judges; and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 This matter is before the court upon consideration of appellant's response to this court's order of August 30, 1990, directing him to show cause as to why his appeal should not be dismissed for lack of jurisdiction.
 
 
 3
 Review of the record indicates that the district court entered a final order dismissing appellant's civil rights action on April 17, 1990. Appellant, however, did not file a notice of appeal until May 21, 1990. Accordingly, the notice of appeal was four days late. Fed.R.App.P. 4(a)(1). Moreover, the record discloses that appellant filed no motions which would have tolled the time for filing the notice of appeal under Fed.R.App.P. 4(a)(4). Nor did he seek an extension of time for taking such an action from the district court pursuant to Fed.R.App.P. 4(a)(5).
 
 
 4
 An appellant's failure to file a timely notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory, jurisdictional prerequisite which this court can neither waive nor extend. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). In his response to this court's order to show cause, appellant concedes that the appeal was untimely. Nevertheless, he maintains that the jurisdictional defect should be excused because he did not receive a copy of the district court's final order until after the expiration of the thirty day period for filing a notice of appeal provided by Fed.R.App.P. 4(a)(1). That argument is insufficient to give rise to appellate jurisdiction, however, as Fed.R.Civ.P. 77(d) states that the time for filing a notice of appeal begins to run upon the entry of judgment or order appealed from, not upon its subsequent receipt by the appellant. Moreover, even if appellant's failure to receive notice of the entry of the final order were found to constitute excusable neglect, it would still be ineffective to render the appeal timely as this court cannot waive or extend the time for filing a notice of appeal. Fed.R.App.P. 26(b). Only the district court, acting within the time constraints contained in Fed.R.App.P. 4(a)(5), can grant that relief. Appellant, however, sought no extension of time from the district court.
 
 
 5
 Accordingly, it is ORDERED that the appeal is dismissed for want of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation