995 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alan KUNSELMAN, Plaintiff/Appellant,
v.
BOARD OF EDUCATION OF WESTERN RESERVE LOCAL SCHOOL DISTRICT,
Defendant/Appellee.
 No. 92-3385.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1993.
 
 Before MILBURN and RYAN, Circuit Judges; and COFFIN, Senior Circuit Judge.*
 FRANK M. COFFIN, Senior Circuit Judge.
 
 
 1
 In this appeal, plaintiff Alan Kunselman seeks to set aside the dismissal of his complaint. Pursuant to a new local rule, the district court dismissed the suit based solely on Kunselman's failure to respond timely to defendant's motion to dismiss. The court further denied Kunselman relief from judgment, finding that he had not shown neglect that excused his failure to respond to the motion. We affirm.
 
 I.
 
 2
 Kunselman filed this action, pursuant to 42 U.S.C. § 1983, seeking declaratory and injunctive relief against defendant Board of Education of Western Reserve Local School District (hereinafter Board).[1] The father of three children attending elementary school within the District, Kunselman alleges that the Board, in violation of the establishment clause of the First Amendment, promoted "the organized religion known as the Satanic Church" (and signalled a disapproval of the Christian religion) by using a devil symbol and/or the term "Blue Devils" as the school mascot and depicting the mascot on band and sports uniforms, diplomas, and a gymnasium wall.
 
 
 3
 On January 7, 1992, the Board filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Kunselman was required to respond to the motion within ten days of its service,[2] but he neither filed opposition papers nor requested an extension of time to do so. On January 29, 1992, 12 days after Kunselman should have acted, the district court granted the Board's motion and entered judgment dismissing the case.
 
 
 4
 In granting the motion to dismiss, the court relied on the new local rules for the Northern District of Ohio, which became effective January 1, 1992. Rule 8:8.1(j) permits the court to deem a party's failure to file a timely response to constitute consent to the granting of the motion.[3]
 
 
 5
 On February 6, 1992, Kunselman filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b) and a motion for an enlargement of time to file a memorandum in opposition to defendant's motion to dismiss, instanter. In a memorandum and order entered on March 20, 1992, the district court denied both the Rule 60(b) motion and the motion for an enlargement of time because plaintiff had not shown excusable neglect in failing to respond to the motion to dismiss within the time set forth in the local rules. The court also noted that Kunselman had failed to follow even former Local Rule 3.01, which required that an opposing memorandum be filed within ten days of the original motion.[4]
 
 
 6
 This appeal followed. Kunselman now argues that the district court abused its discretion in dismissing the suit based solely on Local Rule 8:8.1(j), which he asserts is invalid, and in finding no excusable neglect in his failure to respond to the Board's motion to dismiss or to request an extension of time to file such response.
 
 II.
 A. Rule 60(b) Motion
 
 7
 The district court dismissed the complaint on January 29, 1992. It denied plaintiff's Rule 60(b) motion on March 20, 1992. Kunselman did not file the notice of appeal until April 17, 1992. By this time, the thirty-day period in which to appeal the order of dismissal had expired, but plaintiff's appeal from the order denying his Rule 60(b) motion was timely. This court previously has recognized that " 'an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.' " Peake v. First Nat'l Bank and Trust Co., 717 F.2d 1016, 1020 (6th Cir.1983) (quoting Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978)). Accordingly, we do not have jurisdiction to consider the validity of the court's decision to dismiss the complaint based on local Rule 8:8.1(j).
 
 
 8
 Pursuant to Rule 60(b), a district court may relieve a party from final judgment upon a showing of, inter alia, mistake, inadvertence, surprise, or excusable neglect. Fed.R.Civ.P. 60(b). Additionally, the party seeking relief must demonstrate that he has a meritorious claim on the merits. Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir.1980). We review the court's decision to deny a Rule 60(b) motion only for abuse of discretion. Peake, 717 F.2d at 1020.
 
 
 9
 Kunselman seeks relief from the judgment of dismissal based on excusable neglect. He proffers excuses for his failures both to respond timely to the Rule 12(b)(6) motion and to request an extension of time. First, Kunselman claims that he did not know the requirements of local Rule 8:8.1(j) because, after receipt of the motion to dismiss, on January 10, 1992, his diligent efforts to learn the appropriate rule uncovered only old Rule 3.01.
 
 
 10
 The district court found that plaintiff's ignorance of local Rule 8:8.1(j) did not warrant relief. It relied on Swimmer v. I.R.S., 811 F.2d 1343, 1345 (9th Cir.1987), in which a pro se litigant's ignorance of a rule's time requirement for responding to a motion was held not to constitute excusable neglect. A court's reluctance to excuse a pro se litigant's ignorance of the rules increase in the face of ignorance from counsel, and we previously have held that counsel's ignorance of a local rule does not constitute excusable neglect. Kendall v. Hoover Co., 751 F.2d 171, 175 (6th Cir.1984) (citations omitted). Moreover, as the district court noted, under both the old and new rules, Kunselman was required to file an opposition brief within ten days. Kunselman's ignorance of the new rule therefore cannot excuse his failure to file a brief within 10 days of service of the motion, and the court did not err in denying Kunselman relief from judgment based on his ignorance of the new rule.
 
 
 11
 Plaintiff's efforts to distinguish these cases and his reliance on older cases do not persuade us. The courts' earlier tolerance of failures to observe time requirements stemmed from the bar's lack of familiarity with the newly promulgated federal rules. Now, however, the bar is fully aware that time requirements exist and cannot reasonably expect forgiveness due to simple inadvertence or mistake regarding the rules. See 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1165, at 479-80 (1987).
 
 
 12
 Despite the 10-day response period, plaintiff took no action, neither filing a response nor seeking an extension of time. He excuses this inaction by claiming that he "reasonably relied upon the court's granting equal treatment to the requests of both Plaintiffs' and Defendant's motions for enlargement of time in not filing a Motion for Enlargement Of Time prior to January 17, 1992." Motion to Extend Time at p 6. This argument is specious. The Board had moved timely for an extension to file an answer and only then received a 20-day extension; by contrast, Kunselman waited 20 days, after action had been taken on the motion to dismiss, even to seek an extension of time. Moreover, because the filing of an answer and of opposition papers to a motion are completely distinct activities governed by separate rules, Kunselman's explanation of his dilatoriness is not reasonable and his delay is not excusable.
 
 
 13
 Finally, Kunselman alleges that the district court abused its discretion in denying his motion because it improperly applied the local rule to dismiss the complaint. Kunselman cannot blend two distinct decisions by the district court, the first to dismiss the complaint and the second to deny the Rule 60(b) motion, to circumvent the narrow jurisdictional parameters of a Rule 60(b) appeal. As we discussed earlier, such an appeal does not confer authority to review the underlying judgment. Thus, the only question before us is whether the district court misapplied the law when it decided the Rule 60(b) motion. We conclude that the court properly applied the law governing motions for relief from judgment.
 
 
 14
 It is plaintiff who erred in not presenting the district court with any meritorious challenge to the judgment of dismissal. Kunselman legitimately could have questioned the validity of the "deemed consent" provision of Rule 8:8.1(j) as part of his Rule 60(b) motion. But he did not, and the district court, therefore, did not consider this issue. In our view, Kunselman cannot now blame the district court for his own mistake. Moreover, plaintiff cannot maintain on appeal an argument not raised below. See Pinney Dock and Transport Co. v. Penn Cent. Corp., 838 F.2d 1445, 1461 (6th Cir.1988).
 
 
 15
 In sum, we conclude that Kunselman has not shown excusable neglect warranting relief from judgment. We thus find that the district court did not abuse its discretion in denying plaintiff's Rule 60(b) motion. Our conclusion likewise requires us to hold that there was no abuse in denying the ancillary motion for extension of time.
 
 B. Res judicata
 
 16
 Subsequent to the entry of final judgment in this case, the Kunselman family brought a second, allegedly identical, action. The district court presiding in the new action has stayed that action pending our decision in this case and requested our view as to whether the judgment of dismissal bars the second action. We respectfully decline. To pronounce our views on the preclusive effects of our decision would carry us beyond the matters before us and, in effect, would constitute a non-binding advisory opinion.
 
 
 17
 Affirmed.
 
 
 
 *
 Honorable Frank M. Coffin, Senior Circuit Judge, United States Court of Appeals for the First Circuit, sitting by designation
 
 
 [1]
 Members of Kunselman's family joined in the suit below but were not named individually in the notice of appeal, which is styled Alan Kunselman, et al. v. Board of Education of Western Reserve Local School District. Therefore, Kunselman is the only plaintiff to perfect an appeal. See Minority Employees of the Tenn. Dep't of Employment Sec., Inc. v. Tenn. Dep't of Employment Sec., 901 F.2d 1327, 1335-36 (6th Cir.1990) (en banc)
 
 
 [2]
 Rule 8:8.1(d) of the 1992 Local Rules of the United States District Court for the Northern District of Ohio provides:
 Each party opposing a motion shall serve and file a memorandum in opposition within ten (10) calendar days after service of the motion.
 
 
 [3]
 Rule 8:8.1(j) provides:
 Memoranda required to be filed under this rule that are not timely filed by a party may not be considered and may be deemed by the Court to constitute the party's consent to the granting or denial of the motion as the case may be.
 
 
 [4]
 Former Local Rule 3.01 of the United States District Court for the Northern District of Ohio provides in relevant part:
 (3) Each party opposing the motion shall serve and file within ten (10) days thereafter a brief written statement of reasons in opposition to the motion and a list of the authorities on which he relies. If the motion requires the consideration of facts not appearing of record, he shall also serve and file copies of all documentary evidence and photographs which he intends to submit in opposition to the motion....