19 F.3d 18
 73 A.F.T.R.2d 94-1514
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James R. ANDERSON, Plaintiff-Appellant,
v.
UNITED STATES of America, Internal Revenue Service; Timothy
R. Farkus, Defendants-Appellees.
 No. 93-4157.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1994.
 
 Before: MERRITT, Chief Judge; GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 James R. Anderson, a pro se Ohio resident, appeals a district court order denying his motion to reinstate his quiet title action filed pursuant to Fed.R.Civ.P. 60(b)(2). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On April 28, 1992, the district court granted summary judgment for the United States concluding that the Internal Revenue Service had complied with all procedural and administrative collection regulations concerning the sale of Anderson's property. The sale was conducted in order to satisfy Anderson's tax liabilities.
 
 
 3
 On January 25, 1993, Anderson filed a motion requesting that the district court vacate its previous judgment based on newly discovered evidence pursuant to Fed.R.Civ.P. 60(b)(2). The district court denied the motion noting that the "new evidence" consisted of an affidavit from a paralegal which stated that it was the paralegal's opinion that Anderson did not receive proper notice as to the collection activities of the IRS.
 
 
 4
 In his timely appeal, Anderson attempts to relitigate the merits of the underlying judgment. He requests oral argument. The appellees have moved the court to remand the case back to the district court so the district court can enter a corrected judgment.
 
 
 5
 An order denying relief pursuant to Fed.R.Civ.P. 60(b) is reviewed under the abuse of discretion standard. See In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986). An abuse of discretion exists when the reviewing court has a definite and firm conviction that the trial court committed a clear error of judgment. Amernational Indus., Inc. v. Action-Tungsram, Inc., 925 F.2d 970, 975 (6th Cir.), cert. denied, 111 S.Ct. 2857 (1991).
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion in denying Anderson's motion. Anderson did not present any new evidence which justified the granting of Rule 60(b)(2) relief. Davis by Davis v. Jellico Community Hosp., Inc., 912 F.2d 129, 135 (6th Cir.1990). Furthermore, Anderson cannot argue on appeal the merits of the underlying judgment. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Peake v. First Nat'l Bank & Trust Co. of Marquette, 717 F.2d 1016, 1020 (6th Cir.1983).
 
 
 7
 Accordingly, we deny the request for oral argument, deny the motion for remand, and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.