30 F.3d 134
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley Michael SNIDER, Plaintiff-Appellant,
v.
Dewey SOWDERS, Warden; James Morgan; F. Darland Sgt.;
Mark L. Price, Defendants-Appellees.
 No. 93-6454.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 Before: MILBURN and BATCHELDER, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Stanley Michael Snider, a pro se Kentucky prisoner, appeals a district court order denying his motion to reopen his civil rights action filed pursuant to Fed.R.Civ.P. 60(b)(2). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Appellees have informed the court that they will not be filing a brief.
 
 
 2
 On November 21, 1990, Snider filed a civil rights complaint pursuant to 42 U.S.C. Sec. 1983 against multiple Kentucky correctional officials. Snider alleged that the defendants improperly obtained a urine sample which resulted in his being found guilty by a prison adjustment committee of the unauthorized use of drugs or intoxicants. Upon de novo review of a magistrate judge's report, the district court dismissed the complaint as meritless on December 27, 1990.
 
 
 3
 On August 24, 1993, Snider filed a motion requesting that the district court reopen its judgment based on newly discovered evidence pursuant to Fed.R.Civ.P. 60(b)(2). The district court denied the motion noting that the new evidence consisted of a medical report dated July 2, 1990. The medical report indicated that Snider was taking the drug Donnatal for a spastic disorder of the digestive system. The district court stated that the evidence was not new because the medical report predated not only Snider's complaint, but also the prison adjustment committee's decision. In his timely appeal, Snider attempts to relitigate the merits of the underlying judgment.
 
 
 4
 An order denying relief pursuant to Fed.R.Civ.P. 60(b) is reviewed under the abuse of discretion standard. See In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986). An abuse of discretion exists when the reviewing court has a definite and firm conviction that the trial court committed a clear error of judgment. Amernational Indus., Inc. v. Action-Tungsram, Inc., 925 F.2d 970, 975 (6th Cir.), cert. denied, 111 S.Ct. 2857 (1991). An appeal of a denial of a Rule 60(b) motion does not bring up the underlying judgment for review. Peake v. First Nat'l Bank & Trust Co. of Marquette, 717 F.2d 1016, 1020 (6th Cir.1983).
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in denying Snider's motion. Snider did not present any new evidence which justified the granting of Rule 60(b)(2) relief. Davis by Davis v. Jellico Community Hosp., Inc., 912 F.2d 129, 135 (6th Cir.1990). Snider's motion was untimely as it was not filed within one year after the district court's judgment was entered. Finally, Snider cannot argue on appeal the merits of the underlying judgment. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Peake, 717 F.2d at 1020.
 
 
 6
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.