NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0868n.06

**No. 12-2134**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| KATHLEEN OTT, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| FEDERAL HOME LOAN MORTGAGE | ) | |
| CORPORATION; CHASE HOME FINANCE, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

**FILED**
Oct 04, 2013
DEBORAH S. HUNT, Clerk

BEFORE: ROGERS, GRIFFIN, and DONALD, Circuit Judges.

PER CURIAM. Plaintiff appeals the district court's order denying her motion to extend time to file a motion for reconsideration under Federal Rule of Civil Procedure 6(b)(1)(A). For the reasons set forth below, we affirm.

Plaintiff initiated the instant action to stop defendants from foreclosing on her home. The district court granted defendants' motion to dismiss. Local rules permitted plaintiff fourteen days in which to file a motion to reconsider. On the fourteenth day, plaintiff filed her motion to extend time, asserting that "because of the unusual 4th of July holiday schedule" she would be unable to timely file her motion to reconsider, but that she could file the motion within a week. The district court denied the motion for lack of good cause.

Motions to extend time are governed by Rule 6(b)(1)(A), which states, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . . if the request is made, before the original time or its extension expires." A district court's decision as to a Rule 6(b) motion is reviewed for an abuse of discretion. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010).

Rule 6(b) authorizes district courts to grant motions to extend time "for good cause." We agree with the district court that plaintiff has failed to demonstrate that her motion to extend time was supported by good cause. First, plaintiff makes no argument that her Rule 6(b)(1) motion was supported by good cause. Instead, plaintiff simply asserts that "the Fourth of July holiday caused an inability to file" the motion to reconsider, but fails to explain why this amounts to good cause within the meaning of Rule 6(b)(1). Nor does plaintiff cite any authority in support of her position, and it is well-settled that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006). Put another way, plaintiff never explains why she was unable to meet the fourteen-day deadline, even though she knew that the Fourth of July was included as part of the deadline period. See FED. R. CIV. P. 6(a)(1)(b) (when calculating deadline periods, "count every day, including intermediate . . . legal holidays," which includes the Fourth of July). Second, the plain language of the rule demonstrates that the good cause standard in the rule is discretionary–even if a party demonstrates good cause, a district court is not required to grant a motion to extend time. FED. R.

CIV. P. 6(b)(1) ("the court *may*, for good cause, extend the time" (emphasis added)). For these reasons, we conclude that the trial court did not abuse its discretion in denying the motion.

Plaintiff also argues that "[a] court may construe the Motion for an extension of time to file Motion for Reconsideration as having been filed pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure," and that she is entitled to relief under Rule 60(b) because of the "unusual 4th of July holiday schedule." This argument lacks merit. First, the sole case plaintiff cites in support of her argument that this court may construe a Rule 6(b) motion as a Rule 60(b) motion does not support that assertion. *Peake v. First Nat'l Bank and Trust Co. of Marquette*, 717 F.2d 1016, 2020 (6th Cir. 1983) (construing an untimely motion for reconsideration as a Rule 60(b) motion). Second, even putting aside plaintiff's inapplicable case law, assuming that we were to construe her motion as one under Rule 60(b), plaintiff would still be required to make a showing under Rule 60(b)(1-5) to demonstrate an entitlement to relief, and she does not do so.

AFFIRMED.